A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RAY BROOKS | 568449 |
| Plaintiff | Inmate (DOC) number |

VERSUS

Warden Darrel Vannoy,
Capt. Thomas Sterling, Lt. Gooden
        Defendants

### Instructions for Filing Complaint by Prisoners
### Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

**IF YOU ARE A PARISH PRISONER**, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

**IF YOU ARE A D.O.C. PRISONER**, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Corrections.

**All copies of the complaint must be identical to the original.**

The names of **all parties** must be listed in the caption and in part III of the complaint **exactly the same**.

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 350.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in

your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. **THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS**.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I.  Previous Lawsuits

   A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?    Yes ( )  No ( X )

   B.  If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1. Parties to this previous lawsuit
      Plaintiff(s):  N/A

      Defendant(s):  N/A

   2. Court (if federal court, name the district; if state court, name the parish):
      N/A

   3. Docket number:  N/A

   4. Name of judge to whom case was assigned:  N/A

   5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):
      N/A

   6. Date of filing lawsuit:  N/A

2.

7. Date of disposition: _____ N/A _____

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?    Yes ( )    No (X)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.
____N/A_____

II. Place of present confinement: __La. State Penitentiary_____

A. Is there a prisoner grievance procedure in this institution? Yes (X) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
    Yes (X)  No ( )

C. If your answer is YES:

1. Identify the administrative grievance procedure number (s) in which the claims raised in this complaint were addressed. __LSP-2019-1454_____


2. What steps did you take? _Complaint to the Warden of the Institution. Proceeded to the Second step to the Secretary of the Department of Corrections_____


3. What was the result? __I was denied relief at both steps_____


D. If your answer is NO, explain why not: __N/A_____

III. **Parties**
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

3.

A. Name of plaintiff(s)  Ray Brooks #568449
   Address  Camp C, La. State Penitentiary, Angola, La. 70712

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant  Thomas Sterling is employed as Captain at La. State Penitentiary

C. Additional Defendants:  Lt. (?) Gooden, Warden Darrel Vannoy

## IV. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On 6-27-19, approximately 2:00pm I was having a seizure on the hallway of CBA lower left tier. As I began to recoup from the epileptic episode I became aware that I was being beaten. Security was on top of me punching me in the face. The only two officers that I could remember were Lt. Gooden and a Captain Thomas Sterling, both of whom I have no first name for. Other officers were present but I didn't get their names. I was eventually dragged outside by the shackles that were placed on me and these officers handled me inhumanely. In the aftermath due to the use of excessive force I suffered a broken bone in the right side of my face and was left in pain. This is the result of the unnecessary and wanton infliction of pain and cruel and unusual punishment from overzealous officers. I filed an ARP in an attempt to have the matter handled in house. This was denied at the institutional level. I then proceeded to seek redress with the Secretary of the DPS&C who also denied relief. However, they admit in the second step that force was used but conveniently place it as my fault.

## V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. Enforce regulation that makes the officers activate body cameras and preserve this footage. Enforce the arresting of such officers for assault or the opportunity to have depositions taken by the Sheriff. Enforce that E.M.T.'s and Wardens that were not present during the situation be made to report such misconduct and not help cover it up and lastly, a fair amount of monetary punitive damages, compensatory damages, injunctive relief and trial by jury.

4.

IN THE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

<u>**RAY BROOKS**</u>                              <u>**568449**</u>
       Plaintiff                         Inmate (DOC) number

**VERSUS**

<u>**Warden Darrel Vannoy,**</u>
<u>**Capt. Thomas Sterling, Lt. Gooden**</u>
       Defendants

                                    MAG. JUDGE_____

**FILED:**_____          _____
                                                                CLERK OF COURT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**CIVIL RIGHTS COMPLAINT WITH JURY DEMAND UNDER 42 U.S.C. § 1983 FOR MONETARY DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This is a civil rights action filed by **PLAINTIFF**, a state prisoner, for monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983, alleging Excessive Force in violation of the Eighth Amendment to the United States Constitution. The plaintiff requests a trial by jury.

## JURISDICTION

1. This Court has jurisdiction over Plaintiff's claims of violating Federal Constitutional rights under 28 U.S.C. § 1331 and 1343.

2. The Court has supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. § 1367

## INTERESTED PARTIES

3. Plaintiff, **RAY BROOKS**, is a state prisoner who was and is incarcerated at the La. State Penitentiary, Angola Louisiana (La. State Penitentiary) during the events described in this complaint.

4. Defendant **DARREL VANNOY** is the Warden over the Louisiana State Penitentiary and also serves as a regional Warden. Defendant Vannoy is responsible for the operations of L.S.P., the overseeing of training of L.S.P. staff and is the first one to hear a complaint. All grievances are originally directed to Defendant Vannoy's Office for review and then forwarded to appropriate Department Heads for response. Plaintiff submits that Defendant Vannoy was aware, or should have been aware of the numerous grievances and suits filed by other Offenders pertinent to the use of excessive force when officers have responded to beeper activations, amounting to unconstitutional and illegal use of force, and he took no steps to abate the behavior. In furtherance, it was requested that the sheriff's office be contacted for the filing of charges, Defendant Vannoy failed to do so. Defendant Vannoy has personal involvement sufficient for purposes of liability under 42 U.S.C. § 1983. **Defendant, Darrel Vannoy is sued in his official capacity for the purpose of declaratory and injunctive relief.**

5. **Thomas Sterling** is a Captain at the time of the incident. He responded to activated beeper falsely accusing the defendant as being intoxicated. Then attacked Plaintiff, he then falsified a report to cover his wrong doing. Defendant **Sterling is sued in his individual and official capacity for the purpose of punitive, declaratory and injunctive relief.**

7. **Defendant Gooden (First name unknown)** is a Lieutenant at all times relevant to this

6.

complaint. He is the other assailant. **Defendant Gooden** personal involvement sufficient for purposes of liability under 42 U.S.C. § 1983. **Defendant Gooden is sued in his individual and official capacity for the purpose of punitive, declaratory and injunctive relief.**

8. Plaintiff submits that all of the defendants deliberately attacked using a false charge of Intoxication as a scapegoat. Plaintiff's serious medical needs. All defendants have failed to provide accurate accounts of the events defendants. All Defendants have acted, and continue to act, under color of State law at all times relevant to this complaint

## STATEMENT OF THE CASE

Plaintiff filed Request for Administrative Remedy in this matter as a result of use of excessive force. The request for Administrative remedy in this matter was accepted and assigned LSP – 2019 – 1454. The Department denied relief at the First step on 9/10/19. Plaintiff was not satisfied with the First Step response and timely requested review at the Second Step. The Second Step was denied on 10/13/19 denying relief. Plaintiff avers that he has exhausted both steps in the process prior to filing the instant complaint. **(See attached Exhibit)**

## STATEMENT OF FACTS

This is a civil rights case filed under 42 U.S.C. § 1983 by a state prisoner and asserting claims for use of excessive force. The plaintiff seeks damages as to all claims and an injunction to ensure proper protocols are put in place and followed in dealing with inmate/officer confrontations. On 6-27-2019, Plaintiff went into an epileptic seizure, which is in his medical record. While having the seizure the officer working the block activated here beeper. When a

7.

beeper the ranking officers over the blocks respond and sometimes other officer in the area. Due to the similarities of some drug users of the drug known as mojo, officers have developed an attitude that all cases are mojo cases and respond with violence. When I came around I became aware that I was being beaten at this point I began to attempt to instinctively cover myself. The only two officers I can recall by name were Capt. Sterling and Lt. Gooden. I was then shackled and dragged outside. I was seen by medical that documented my injuries. These officers intentionally used force and arbitrarily inflicted pain on the Plaintiff.

## CLAIM ONE

## THE DEFENDANTS USED UNNECESSARY OR EXCESSIVE FORCE VIOLATION OF THE EIGHTH AMENDMENT

### LAW AND ARGUMENT

In order for inmate to prevail on Eighth Amendment excessive force claim against officer, he must prove significant injury, which resulted directly and only from use of force that was clearly excessive to need, the excessiveness of which was objectively unreasonable, and that action constituted unnecessary and wanton infliction of pain.[1]

"It is a violation of the Eighth Amendment for prison officials to use [force] in quantities greater than necessary or for the sole purpose of punishment or infliction of pain."[2] This is because it has become a widespread practice for officers to falsify use of force report forms, having officers corroborate each other's "stories" to "justify" uses of force, taking "free shots"

---

[1] Adams v. Hansen, 906 F.2d. 192 (5th Cir. 1990).
[2] Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984) [It should be noted that LSP and LA DPS&C has specifically adopted this case in application of use of force policy]; See also Stringer v. Rowe, 616 F.2d 993, 999 (7th Cir. 1980) (stating that the "use of [force] by prison officials to subdue individual prisoners, rather than to quell large disturbances, should be more restricted.")

at inmates while they are handcuffed or in a state of illness, using [force] and even after inmates became compliant. Plaintiff has easily stated a claim with a federal question upon which relief can be granted.

Plaintiff submits that the defendants actions amount to unnecessary or excessive force. Plaintiff submits that the defendants have failed to remedy ongoing violations of which they **were aware or should have been aware** due to the numerous ARP's and/or suits previously filed. The actions and/or in-actions of the defendants go beyond the scope of their duties being arbitrary, conspicuous, or negligent. Plaintiff submits that the actions and/or in-actions were deliberate and that there is a pattern of this type treatment. The test of whether governmental action is arbitrary and capricious is whether the action is reasonable under the circumstances. **Clark v. City of Shreveport**, App. 2 cir. 1995, 655 So. 2d 617, 26, 638 (La. App. 2 Cir. 5/10/95). The actions described herein go beyond reasonable. Plaintiff submits that he endured a repeated assault which resulted in needless pain and suffering. Plaintiff's injuries were down played by the EMT's in order to cover up the use of force. Defendant Vannoy refuses to correct this behavior. In actuality he takes a more hands off approach to the daily running of the institution. There are a total of 20 Wardens. 1 Head Warden, 3 Wardens, and 16 Assistant Wardens. In the area where I was beaten, there are 4 wardens in the area. One ever the East Yard, one over the West Yard, one over the Main Prison which oversees the yard Wardens and one over the Cell Blocks, hospital and T/U. Warden Vannoy is rarely seen allowing his under Wardens to just go unsupervised who also not only allow their subordinates do the things they do but also cover each other in the wrongdoing. EMT's further this by failing to report the finding of excessive use of force.

## CONCLUSION

Plaintiff contends that the actions and/or inactions of the defendants in this matter indicate both unnecessary/excessive force and corruption in the covering up such acts and constitute cruel and unusual punishment. Plaintiff suffered needless injury and endured needless pain and suffering both physical and mental. Plaintiff submits that he is entitled to monetary damages and declaratory and injunctive relief. Plaintiff submits that the failure of defendant Warden Darrel Vannoy, Capt. Sterling and Lt. Gooden to provide accurate accounts, do an in depth investigation into the matter and provide proper medical treatment under the circumstances described indicates corruption and malfeasance in the cover up of excessive force mandating relief. Other defendants may be named at a later date after discoveries.

RESPECTFULLY SUBMITTED:

*Ray Brooks #568449*
Ray Brooks #568449
Camp C Jag
LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA 70712

10.

## DECLARATION UNDER PENALTY OF PERJURY

I <u>Ray Brooks #568449</u>, pursuant to U.S.C. § 1746, hereby declare under penalty of perjury that:

1. I am the plaintiff in the above titled matter and I am solely responsible for its contents

2. All of the allegations contained herein are **true and correct** to the best of my knowledge, information and belief.

On this 5th day of December ,2019

RESPECTFULLY SUBMITTED:

*Ray Brooks #568449*
Ray Brooks #568449
Camp C Jag
LA. STATE PENITENTIARY
ANGOLA, LOUISIANA 70712

## CERTIFICATE OF SERVICE

I <u>Ray Brooks</u>, hereby certify that I have placed a copy of this 42 U.S.C. § 1983 Civil Rights action for Declaratory and Injunctive Relief and Damages in the Federal Mail Box for electronic transfer to the clerk of court for the United States District Court, Middle District of Louisiana, Baton Rouge Division, P.O. Box 2630, Baton Rouge, La. 70821 0n this _5_ day of _December_, 2019.

*Ray Brooks #568449*
Ray Brooks #568449
Camp C Jag
LA. STATE PENITENTIARY
ANGOLA, LOUISIANA 70712

**PLEASE SERVE THE DEFENDANTS AT:**

**17544 TUNICA TRACE, ANGOLA, LA 70712**

12.