This Is A Request For Administrative Remedy Procedure

Requested by: Ray Brooks #568449
              Ward 1
              L.S.P.
              Angola, La. 70712

RECEIVED JUL 09 2019

RECEIVED AUG 27 2019

Re:       Excessive Force

Warden Vannoy,

On 6-27-19, approx. 2:00p.m. from my knowledge, I end up having a seizure on the hallway of CBA L/L. "Seizure: the act of seizing: The state of of being seized, a sudden attack (as of disease) attack, bout case, fit, seige, spell-more at attack. "Epilepsy: A disorder marked by abnormal electrical discharges in the brain and typically manifested by sudden periods of diminished consciousness or by convulsions.

Not knowing everything that happened, I was brought back to consciousness with security on top of my back beating and punching me in the face continuously. With me yelling "I'm not resisting!" Security continued beating me. From what I know, the only officers I can remember are Capt. Sterling and Lt. Gooden, but I can't say who else it was due to the fact I was in and out of consciousness because of all the lunching the security was doing to me and the fact I was still face first eyes close to the ground. From this point, I was dragged outside by the shackles security put on me and they handled me as if I wasn't a human being. The aftermath of security using excessive force, the right side of my face is broken, I'm in constant pain throughout my entire body and I've been housed in the hospital ward as well. For this, I ask that this ARP be accepted as soon as possible and my relief desire be granted fully and handled even sooner.

### Relief Desired

1. Capt. Sterling, L. Gooden, Cadet Cook, and any other officers that were involved in this incident be fired, arrested, and prosecuted in the court of law to the fullest.
2. That I be awarded the amount of 2.5 million dollars for the pain I'm going through, the suffering, and the subject of this ARP.
3. All my attorney fees be paid in full as well as all court costs.
4. That the "no retaliation" rule be highly enforce and extremely monitored please.

### Conclusion

Please note, I went through this same type of efficient in the year of 2016, in which it resulted with me losing a front tooth. Please hold the footage from the hallway cameras in CBA L/L on the day if 6-27-19 as well as before the body camera on the same date. And last, please don't let the tactic of the body camera fool you or anyone else; I've been back in Angola since 4-1-19, and I have yet to see Capt. Sterling hold a body camera. Don't believe me just go through the tapes of him making rounds throughout the cell blocks or go through his incidents history, majority if not all of the times he has an excuse about his body camera.

CASE NUMBER: LSP-2019-1454

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: BROOKS, RAY 568449         CBB U/L
                                           Living Quarters

Response to request dated , received in this office on 07/08/2019

In your request for remedy, you alleged that on June 27, 2019, you had a seizure on the hallway of CBA Lower Left and not knowing what actually happened, you woke up to an officer on top of your back; beating and punching you in your face continuously. You stated that you were yelling at security that you were not resisting and security continued to beat you. You stated that the only officers that you can remember is Captain Thomas Sterling and Lieutenant Charles Gooden due to you being in and out of consciousness and being face down on the ground. You stated that you were dragged outside by your shackles as if you were not a human being. You stated that excessive force was used and the bone in the right side of your face is broken and you are in constant pain throughout your body. In your request for remedy, you are requesting that Captain Sterling, Lieutenant Gooden and Sergeant Cook be fired, arrested and prosecuted, that you are awarded $2.5 million dollars for pain and suffering, that all your attorney fees are paid in full and that no retaliation is brought forth against you for filing this ARP.

In response to your ARP, Captain Thomas Sterling stated that he responded to a beeper activation on CBA Lower Left and upon his arrival, he observed you to be intoxicated. Captain Sterling stated that he ordered you to comply to being restrained and you refused. Captain Sterling stated that to prevent possible harm to yourself and other offenders, he was forced to enter into your cell in an attempt to restrain you. He stated that you became combative and began resisting. Captain Sterling stated at no time did he strike or utilize more force than necessary to regain control of the situation. Lieutenant Charles Gooden stated that once he arrived on CBA Lower Left, he was informed by Sergeant Cook that Captain Sterling had entered your cell due to you being possibly intoxicated. Lieutenant Gooden stated that when he approached your cell, he observed you and Captain Sterling on the floor of your cell, engaged in a physical confrontation. Lieutenant Gooden stated that in an effort to prevent further assault, and to help Captain Sterling regain control of the situation, he administered the minimum amount of chemical agent necessary to gain compliance of the situation. He stated that he then entered the cell to assist Captain Sterling in physically removing you from the cell. Lieutenant Gooden stated that you were still being combative after they removed you from your cell by resisting and struggling against Captain Sterling. Lieutenant Gooden stated at no time was excessive force used on or towards you. The body camera was activated; but failed to record any of the incident; therefore, the body camera was sent to the Radio Repair shop for repair. A statement could not be obtained from Sergeant Cook due to him no longer being employed with the Louisiana State Penitentiary.

Therefore, your request for Administrative Remedy is denied at this level.

Prepared by: _____
                 Trent Barton, AW2

Approved by: _____
                 Jimmy Smith, AW3

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: LSP-2019-1454

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO: BROOKS, RAY   568449              LSP
    Offender Name and Number           Living Unit

Response to Request Dated 09/10/2019, Received in this Office on 09/18/2019:

Your request for an administrative review of ARP# LSP-2019-1454 has been received. A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response.

Your allegations have been considered. In a statement from Capt. Sterling, he denies your allegations and there is no reason to doubt the credibility of this officer. You have failed to provide any evidence to substantiate your allegations or that would cause us to believe otherwise. Through your own actions, staff was forced to use only the amount of force necessary to bring you into compliance with the verbal orders issued to you by the staff. The first step response prepared by the LSP staff is deemed adequate and appropriate. As such, this office concurs with staff and finds no further investigation warranted.

Your request for relief is denied.

_____10/13/19_____                    _____
        Date                           Secretary's Signature or His Designee

Ex. D

| June 14, 2016 | CHAPTER:<br>SECURITY AND CONTROL | DIRECTIVE NO.<br>09.002/B |
|---|---|---|
| LOUISIANA STATE PENITENTIARY | SUBJECT:<br>SECURITY BODY CAMERAS | ACA STANDARD:<br>4-4173, 4-4199, 4-4200-02, 4-4206, 1-CTA-3A-20, 1-CTA-3B-03 |
| | REFERENCE:<br>Department Regulation No. A-05-010,<br>Department Regulation No. C-02-006,<br>Penitentiary Directive No. 05.006 and<br>Penitentiary Directive No. 09.002 | |

PURPOSE: To provide guidelines for Louisiana State Penitentiary to employ body cameras for the purpose of contemporaneously videoing any planned use of force situation (cell entry, chemical agent use, etc.), whenever possible. This shall also be used to objectively document offenders suspected of being under the influence of any intoxicating substance. Video footage produced by body cameras may be used as evidence in disciplinary, civil, or criminal investigations, reviewed administratively for officer and offender compliance with department policies, or utilized as a reference in incident documentation.

APPLICABILITY: All Louisiana State Penitentiary employees.

POLICY: The Warden for Security will delegate supervisors and security officers to be responsible for use of body cameras.

DEFINITIONS:

**Activation:** Any process that causes the body camera to transmit or store video and audio data in an active mode.

**Body Camera:** Camera system that captures audio and video signals, capable of being worn on an officer's person.

**Recorded Media:** Audio-video signals recorded and digitally stored on a storage device or portable media.

**Planned use of Force:** An incident where there is a known potential for use of force, such as but not limited to, a cell entry or the use of a chemical agent.

PROCEDURE:

A.   ACTIVATION OF THE BODY CAMERA

Security supervisors shall activate the body camera at the outset of each suspected intoxication incident or planned use of force, whenever possible.

B.  INCIDENTS WHICH DO NOT NEED TO BE RECORDED

Recording shall not take place during a medical examination or similar examination by a clinician where the expectation of privacy is the community standard. Recordings indicative of intoxication may take place immediately upon completion of such examinations.

C.  CESSATION OF THE BODY CAMERA

Once activated, the body camera system shall remain on until the incident has concluded.

D.  OFFICER RESPONSIBILITIES

1.  Officers are responsible for the proper care of the body camera used by and/or issued to them.

2.  Prior to each shift, the officer will perform the following steps:

    a.  Test: Ensure that the equipment is charged and working properly. Officers will test the body camera's operation in accordance with manufacturer specifications and department operating procedures and training.

    b.  Report: If the body camera is malfunctioning or lost, officers shall notify their supervisors immediately.

    c.  Equip: Properly equip themselves to record audio and video in the field. Officers are to attach the camera onto their body/uniform of the day, so as to allow the recording of all suspected intoxication incidents and planned use of force.

3.  Prior to the end of their shift, officers will insure that all recorded incidents are documented on a Warden's Unusual Occurrence Report. A copy of this report shall be submitted to the institution's investigation department.

4.  Officers shall not edit, alter, erase, duplicate, copy, share, or otherwise distribute in any manner body-worn camera images and information without prior written approval by the Assistant Warden of Security or above.

5.  Follow established procedures as outlined in this policy for recorded media and equipment; this includes placing the body camera in its docking station to recharge using the prescribed hardware.

E.  REVIEW OF BODY CAMERA VIDEO

1. Officers may view their own audio/video data. Recordings may be reviewed in any of the following situations:

    a. Preparing reports or statements, to include critical incidents and preparation of a voluntary statement in an administrative or criminal investigation.

    b. By a supervisor investigating a specific act of officer/offenders conduct stemming from an allegation of misconduct.

    c. Assessing proper functioning of body cameras.

    d. By institutional investigators who are participating in an official investigation, such as an administrative or criminal investigation.

    e. The Warden or his/her authorized designee.

    f. Assessing possible training value, recordings may be shown for training purposes.

    g. By the institution's legal representative who is involved in representing the institution in an official matter, administrative inquiry, lawsuit, or a criminal investigation.

F. DOWNLOADING STORAGE AND RETENTION OF BODY CAMERA FOOTAGE

    1. Downloading of body cameras footage will be done by the institution's investigations department. Recorded incidents shall be logged as evidence following agency policy and stored in a designated secure location.

    2. Recorded media stored which has captured a unique or unusual action from which disciplinary sanctions, litigation or criminal prosecution is reasonably possible will be retained until all pending appeal processes have been exhausted. Thereafter, they will be maintained and destroyed in accordance with Penitentiary Directive No. 05.006, Electronically Stored Information and Data Preservation.

    3. In the event of an accidental activation of the body camera where the resulting recording is of no perceived investigative or evidentiary value, the recording employee may request that the body camera video file in question be deleted by submitting a written request to the Warden or designee who shall review the video file and approve or deny the request.

Penitentiary Directive No. 09.002/B
June 14, 2016
Page 4 of 4

*See, p. 1

4. Body-worn camera equipment and all data, images, and video captured, recorded, or otherwise produced by the equipment is the property of Louisiana State Penitentiary. Any use of information and recording by body-worn cameras shall only be pursuant to the prior written approval of the Warden or designee.

5. Use of body-worn cameras for any purpose other than in accordance with this policy is prohibited.

Darrel Vannoy
Warden

This policy supersedes Penitentiary Directive No. 09.002/B dated April 13, 2016.