UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RAY BROOKS                               CIVIL ACTION NO.: USM 19-846

VERSUS                                   JUDGE HON. SHELLY D. DICK

WARDEN DARRYL VANNOY,                    MAGISTRATE JUDGE
ET. AL                                   HON. RICHARD L. BOURGEOIS, JR.

MEMORANDUM OF LAW IN SUPPORT OF THE
PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

*Statement of the Case*

This is a civil rights case filed under 42 U.S.C. § 1983 by a state prisoner and asserting claims for the unconstitutional use of excessive force, and the denial of due process in subsequent disciplinary proceedings. The plaintiff seeks damages as to all claims and an injunction to ensure proper medical treatment.

*Statement of Facts*

The Complaint alleges that on 6-27-2019, Plaintiff went into an epileptic seizure, which is in his medical records. While having the seizure, the officer working the cell block activated his assigned beeper. When the beeper was activated, the ranking officers over the cell blocks responded and some other officers in the area. Due to the possible similarities of some drug users of the drug known as "mojo", officers have developed an attitude that all cases are mojo epidemic cases and respond with violence. When I came around from the seizure, I became aware that I was being beaten. At this point, I began to attempt to instinctively cover myself. The only two officers I can recall by name were Capt. Sterling and Lt. Gooden. I was then shackled and dragged outside of the housing unit. I was seen by medical that documented my injuries. These officers intentionally used unnecessary and excessive force and arbitrarily inflicted pain on the Plaintiff.

## ARGUMENT

### THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted), cert. Denied, 112 S.Ct. 1995 (1992). In addition, courts have suggested that the most important factor is whether the case appears to have merit. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173 (2d Cir. 1989). Each of those factors weighs in favor of appointing counsel in this case.

*1. Factual complexity.* The plaintiff alleges that two (possibly several) correctional officers physically abused him, while others may have stood by and watched. He also asserts a denial of due process by a disciplinary hearing officer and a warden. The sheer number of claims and defendants involved, makes this factual complex case.

In addition, plaintiffs claims involves a review of medical care dealing with the epileptic seizures which he has; it will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel *Moore v. Mabus*, 976 F.2d 268, 272 (5th Cir. 1992); *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *Tucker v. Randall*, 948 F.2d 388, 392 (7th Cir. 1991).

2. *The plaintiff's ability to investigate.* The plaintiff is locked up in punitive segregation and has not ability to investigate the facts. For example, he unable to identify, locate and interview the inmates who were housed in nearby cells and who saw some or all of the misuse of force. His is in the same situation as an inmate who has been transferred to a different institution, a factor that several courts have cited in appointing counsel. *Tucker v. Randall*, 948 F.2d 388, 391-392 (7th Cir. 1991); *Gaston v. Coughlin*, 679 F.Supp. 270, 273

(W.D.N.Y. 1988); *Armstrong v. Snyder*, 103 F.R.D. 96, 105 (E.D.Wis. 1984). In addition, this case will require considerable discovery concerning the identity of witnesses, the officers' reports and statements about the incident, the history of the officers with prior records of misuse of force, and the plaintiff's medical history. See *Tucker v. Dickey*, 613 F.Supp 1124, 1133-34 (W.D.Wis. 1985) (need foe discovery supported appointment of counsel).

3. *Conflicting testimony.* The plaintiff's account of his beating by officers is squarely in conflict with the statements of the officers. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such inmate witness as can be located). The existence of these credibility issues supports the appointment of counsel. *Gaston v. Coughlin*, 679 F.Supp. 270, 273 (W.D.N.Y. 1988).

4. *The ability of the indigent to present his claim.* The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). In addition, he is confined to segregation with very limited access to legal materials. *Rayes v. Johnson*, 969 F.2d 700, 703-04 (8th Cir. 1992)(citing lack of ready access to a law library as a factor supporting appointment of counsel).

5. *Legal complexity.* The large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable. In addition, the plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop. See *Abdullah v. Gunter*, 949 F.2d 1032, 1036 (8th Cir. 1991) (citing jury demand as a factor supporting appointment of counsel), *cert. denied*, 112 S.Ct. 1995 (1992).

6. *Merit of the case.* The plaintiff's allegation, if proved, clearly would establish a constitutional violation. The unprovoked and injurious beating alleged in the complaint clearly states an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000 (1992). The allegations of denial of medical care for the epileptic seizure amounts to

"intentionally interfering with the treatment once prescribed," which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoners' medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285 (1976). The conviction of a disciplinary offense with no supporting evidence, and the failure to give a meaningful statement of reasons for the decision are all plain violations of due process. *Ponte v. Real*, 471 U.S.491, 497, 105 S.Ct. 2129 (1985); *Superintendent v. Hill*, 472 U.S. 445, 457, 105 S.Ct. 2768 (1985); *Dyson v. Kocik*, 689 F.2d 466, 467-68 (3rd Cir. 1982). On its face, then, this is a meritorious case.

Respectfully submitted,

4/14/2020
Date

Ray Brooks #568449
Ray Brooks #568449, Plaintiff
Camp C Tiger 1 Left #4
Louisiana State Penitentiary
Angola, Louisiana 70712

4.