**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RAY BROOKS (DOC # 568449)** | : | **CIVIL ACTION** |
| | : | **NO. 19-846-SDD-RLB** |
| **VERSUS** | | |
| | : | **JUDGE SHELLEY D. DICK** |
| **DARREL VANNOY, ET AL.** | : | **MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATEMENT OF UNDISPUTED MATERIAL FACTS

**NOW INTO COURT**, through undersigned counsel, come Defendants, Warden Darrel Vannoy ("Warden Vannoy"), Lt. Charles Gooden, Jr. ("Lt. Gooden") and Captain Thomas Sterling ("Captain Sterling") (collectively, "Defendants"), who submit this Statement of Undisputed Material Facts in support of their Motion for Summary Judgment:

1. Plaintiff, Ray Brooks (DOC#568449) (hereinafter, "Plaintiff' or "Offender Brooks"), filed suit in this case on December 9, 2019 under 42 U.S.C. § 1983 against Defendants.[1]

2. Plaintiff is an inmate sentenced to the custody of the Louisiana Department of Public Safety and Corrections and at all times relevant to this suit, was housed at Louisiana State Penitentiary at Angola, Louisiana ("LSP").[2]

3. Plaintiff transferred to LSP from Elayn Hunt Correctional Center on April 1, 2019.[3] Approximately two (2) months later, on June 27, 2019, the subject incident took place on Cell Block "A" ("CBA").[4]

---

[1] R.Doc. 1.
[2] *Id*.; **Exhibit 1**: Ray Brooks Inmate Location Sheet; *See also*, R.Doc. 12.1 Affidavit, at p. 4 "transfer date".
[33] **Exhibit 1**: Ray Brooks Inmate Location Sheet; *See also*, R.Doc. 12.1 Affidavit, at p. 4 "transfer date".
[4] R.Doc. 1, at p. 4.

4. On June 27, 2019, Captain Sterling was assigned to the Main Prison West Yard where CBA is located and on which he would make rounds on the tier.[5]

5. At approximately 2:00 p.m., Captain Sterling was notified of a beeper activation by the Control Center and upon his arrival to Plaintiff's cell, CBA Lower/Left #9, Cadet James Cook informed Captain Sterling that Offender Brooks was possibly intoxicated.[6]

6. Upon Captain Sterling's arrival to Plaintiff's cell, the cell door was already open and Offender Brooks was standing near the front of his cell covered in vomit, his eyes were red and glassy, and appeared to be intoxicated based on his experience.[7]

7. Plaintiff refused Captain Sterling's direct order to put his hands behind his back and submit to being restrained.[8]

8. Upon Captain Sterling entering the cell to attempt to restrain him, Offender Brooks became aggressive and pulled away from Captain Sterling, after which Captain Sterling used only the force necessary to regain control of the situation by taking Plaintiff to the ground per the applicable Use of Force Policy.[9]

9. Once on the ground, Plaintiff continued to be combative and resist being restrained by Captain Sterling.[10]

10. Around this time, Lt. Gooden, whom was also assigned to the Main Prison West yard where CBA is located, was notified by Control Center via radio of a beeper activation on Cell

---

[5] **Exhibit 2:** Affidavit of Captain Thomas Sterling ("Sterling Affidavit"), ¶¶1-3.
[6] **Exhibit 2**: Sterling Affidavit, ¶¶4 & 6.
[7] **Exhibit 2**: Sterling Affidavit, ¶7 & 8.
[8] **Exhibit 2**: Sterling Affidavit, ¶9.
[9] **Exhibit 2**: Sterling Affidavit, ¶¶10-12; **Exhibit 3**: Louisiana State Penitentiary Directive No.: 09.002 – Use of Force ("Use of Force Policy"), at p. 3 "Force Continuum", p. 4 "Necessary Force" and "Reasonable Force", pp. 5 – 6 at section A(3)(b)(2), (3), and (6).
[10] **Exhibit 2**: Sterling Affidavit, ¶¶13 & 14.

Block "A" Lower/Left #9, and upon arrival, Cadet James Cook informed Lt. Gooden that Captain Sterling went to Offender Brooks' cell in response to possible intoxication.[11]

11. Lt. Gooden observed Plaintiff and Captain Sterling on the ground in Plaintiff's cell and Plaintiff was actively resisting Captain Sterling, after which Lt. Gooden administered the minimum amount of chemical agent to Offender Brooks to gain control of the situation and prevent further assault on Captain Sterling.[12]

12. After Lt. Gooden administered chemical agent once, Captain Sterling was able to restrain Plaintiff by putting handcuffs on him behind his back while still on the ground of Plaintiff's cell.[13]

13. The beginning weight of the chemical agent was 138 grams and the ending weight was 132 grams.[14]

14. Once restrained and brought to his feet, Offender Brooks continued to resist Captain Sterling requiring additional assistance from Lt. Gooden to remove Plaintiff from his cell.[15]

15. Once removed from his cell, Captain Sterling and Lt. Gooden began escorting Plaintiff out of Cell Block "A", however, during the walk, Offender Brooks continued to be combative with both Captain Sterling and Lt. Gooden.[16]

16. Thereafter, Captain Sterling used only the force necessary to regain control of the situation by again taking Plaintiff to the ground per the applicable Use of Force Policy.[17]

---

[11] **Exhibit 4**: Unsworn Declaration of Charles Gooden, Jr. ("Gooden Declaration"), ¶¶1-5. Undersigned will submit a cleaner and clearer version of Lt. Gooden's signed Declaration in the near future as he currently lives outside the State of Louisiana and has limited access to electronic equipment.

[12] **Exhibit 2**: Sterling Affidavit, ¶¶15-16; **Exhibit 4**: Gooden Declaration, ¶¶6-8.

[13] **Exhibit 2**: Sterling Affidavit, ¶¶15-16; **Exhibit 4**: Gooden Declaration, ¶¶7-9.

[14] **Exhibit 4**: Gooden Declaration, ¶8.

[15] **Exhibit 2**: Sterling Affidavit, ¶17; **Exhibit 4**: Gooden Declaration, ¶10.

[16] **Exhibit 2**: Sterling Affidavit, ¶18; **Exhibit 4**: Gooden Declaration, ¶11.

[17] **Exhibit 2**: Sterling Affidavit, ¶¶19-20; **Exhibit 3**: Use of Force Policy, at p. 3 "Force Continuum", p. 4 "Necessary Force" and "Reasonable Force", pp. 5 – 6 at section A(3)(b)(2), (3), and (6); **Exhibit 4**: Gooden Declaration, ¶¶12-13.

17. Neither Captain Sterling nor Lt. Gooden hit, punched, kicked, struck, stomped or beat Plaintiff at any time.[18]

18. Offender Brooks was transported to the Treatment Center for treatment and evaluation by medical personnel.[19]

19. Plaintiff sustained an injury to the right side of his face from this incident[20] and left knee for which he received evaluation and treatment.[21]

20. Both Captain Sterling and Lt. Gooden reported to Robert E. Barrow Treatment Center for evaluation and treatment after the incident with Offender Brooks, and both were cleared to return to their posts by medical personnel.[22]

21. Captain Sterling and Lt. Gooden authored Warden's Unusual Occurrence Reports and Disciplinary Reports regarding this incident of Plaintiff's rule violations.[23]

22. On June 28, 2019, an Assignment of Medical Investigation was issued to the Medical Director by the Disciplinary Board Office ("Board"), wherein the Board requested a medical record investigation.[24]

23. The medical personnel conducting the investigation found no medical reason or medications Offender Brooks was prescribed that would have mimicked or resulted in signs of him being intoxicated.[25]

---

[18] **Exhibit 2**: Sterling Affidavit, ¶¶30-35; **Exhibit 4:** Gooden Declaration, ¶¶22-27.
[19] **Exhibit 2**: Sterling Affidavit, ¶22; **Exhibit 4**: Gooden Declaration, ¶16.
[20] **Exhibit 5**: Medical Records of Ray Brooks ("Medical Records").
[21] **Exhibit 5**: Medical Records. As shown by the medical records and discussed further below, specific incident that caused the fractures to Plaintiff's facial bones is questionable.
[22] **Exhibit 2**: Sterling Affidavit, ¶¶23-24; **Exhibit 4**: Gooden Declaration, ¶¶17-18.
[23] **Exhibit 2**: Sterling Affidavit, ¶27; **Exhibit 4**: Gooden Declaration, ¶19; **Exhibit 6:** Administrative Remedy Procedure (ARP) No. LSP-2019-1454 (hereinafter, "ARP No. LSP-2019-1454"), pp. 10-14; **Exhibit 7**: Ray Brooks (DOC#568449) Disciplinary Reports regarding June 27, 2019 incident ("Disciplinary Reports"), pp. 4 & 6.
[24] **Exhibit 7**: Disciplinary Reports, Assignment of Medical Investigation, p. 5.
[25] **Exhibit 7**: Disciplinary Reports, Assignment of Medical Investigation, p. 5.

24. On July 10, 2019, a hearing was held in front of the Disciplinary Board, wherein the Board combined the two Disciplinary Reports from this incident, and determined that Offender Brooks was guilty of rule violations of defiance, aggravated disobedience, and intoxication.[26]

25. The Board imposed a sentence of quarters change to extended lockdown, 12 weeks loss of canteen, 12 weeks loss of phone privileges,[27] and suspension of visiting privileges from June 27, 2019 until October 8, 2019.[28]

26. Plaintiff appealed these decisions, which appeal was denied by the Disciplinary Board.[29]

27. Neither Captain Sterling nor Lt. Gooden have any knowledge of Plaintiff's medical history, symptoms, and/or diagnoses.[30]

28. Captain Sterling and Lt. Gooden are not aware of any treatment Plaintiff has sought or received during his incarceration, whether Plaintiff has ever received a diagnosis as a result of any such treatment, whether Plaintiff has ever been prescribed medication at any time, or whether Plaintiff ever received, accepted, or ingested any medications on the day of the subject incident, or at any time.[31]

29. In Captain Sterling's experience, offenders exhibiting signs of red and/or glassy eyes, vomiting, and slurred speech are indications of intoxication. In some instances, and depending on the substance ingested by an intoxicated offender, the strength of said offender is exponentially increased, creating a dangerous situation for officers and the offender.[32]

---

[26] **Exhibit 7**: Disciplinary Reports, 2, 4 & 6.
[27] **Exhibit 7**: Disciplinary Reports, 2, 4 & 6.
[28] **Exhibit 7**: Disciplinary Reports, Memorandum at p. 3.
[29] **Exhibit 7**: Disciplinary Reports, Disciplinary Board Appeal Decision, p. 2.
[30] **Exhibit 2**: Sterling Affidavit, ¶¶28-29; **Exhibit 4**: Gooden Declaration, ¶¶20-21.
[31] *Id.*
[32] **Exhibit 2**: Sterling Affidavit, ¶8.

30. During the subject incident, no determination was made by Captain Sterling or Lt. Gooden concerning Plaintiff's medical history or diagnoses as Offender Brooks was non-compliant with requests to be restrained.[33]

31. Additionally, neither defendant is a medical professional and has not, and cannot, diagnosis any individual, including Plaintiff.[34]

32. Once Offender Brooks exhausted his administrative remedies per the applicable ARP Policy.[35]

33. On December 9, 2019, he filed the instant suit for monetary damages and injunctive and declaratory relief under 42 U.S.C. § 1983 against Defendants.[36]

34. The First Step of the ARP process is initiated with a letter to Warden Vannoy's former office wherein an ARP Screening Officer facilitates the remedy process.[37]

35. Thereafter, a staff member conducts an investigation into the facts such that a response to the grievance is delivered to the complaining offender by an individual from Warden Vannoy's former office.[38]

36. Warden Vannoy has no knowledge of any staff member, EMT or corrections officer submitting false reports related to offender grievances concerning use of force.[39]

37. Any staff member, EMT or corrections officer submitting a false report would be subject to disciplinary action.[40]

---

[33] *See* R.Doc. 44, Sterling Response to Interrogatory No. 6, p. 4; R.Doc. 44.1, Sterling Verification; R.Doc. 49, Gooden Response to Interrogatory No. 6, p.4; R.Doc. 49.1, Gooden Verification.
[34] *Id.*
[35] **Exhibit 6:** ARP No. LSP-2019-1454; **Exhibit 8**: LSP Directive No. 14.006 – Administrative Remedy Procedure.
[36] R.Doc. 1.
[37] **Exhibit 9**: Vannoy Affidavit, ¶8.
[38] **Exhibit 9**: Vannoy Affidavit, ¶9.
[39] **Exhibit 9**: Vannoy Affidavit, ¶11.
[40] **Exhibit 9**: Vannoy Affidavit, ¶12.

38. As to use of force training, all LSP security officers receive in the Use of Force Policy at the time they are hired and on an annual basis.[41]

39. Warden Vannoy retired from LSP on September 6, 2021.[42]

The above facts are believed to be undisputed and present a proper subject for a motion for summary judgment in that there exists no genuine issue of material facts between Plaintiff and Defendants herein.  Therefore, Defendants are entitled to summary judgment as a matter of law.

<div align="right" style="max-width:50%;margin-left:auto;">

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   */s/ Rachel P. Dunaway*
Rachel P. Dunaway (37104)
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 North Third Street, Fourth Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone: 225-326-6406
Facsimile: 225-326-6495
E-mail:  DunawayR@ag.louisiana.gov
*Attorney for Defendants*

</div>

---

[41] **Exhibit 3**: Use of Force Policy; **Exhibit 9**: Vannoy Affidavit, ¶7.
[42] **Exhibit 9**: Affidavit of Darrel Vannoy ("Vannoy Affidavit"), ¶1.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 22nd day of October 2021, undersigned filed the foregoing electronically with the Clerk of Court by using the CM/ECF system and provided same to *pro se* inmate plaintiff via U.S. First Class Mail, to the below name and address:

***Pro Se Plaintiff***
Ray Brooks (DOC# 568449)
Louisiana State Penitentiary
Angola, LA 70712

_/s/Rachel P. Dunaway_
**RACHEL P. DUNAWAY**
**Assistant Attorney General**