UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAY BROOKS (#568449)                        CIVIL ACTION

VERSUS

DARREL VANNOY, ET AL.                     19-846-SDD-RLB

## ORDER

Before the Court are the plaintiff's Motion for Leave to Exceed Limit of Discoveries (R. Doc. 40), Motion for Rule to Show Cause why an Expert Should not be Appointed (R. Doc. 41), Motion for Extension to Conduct Discoveries (R. Doc. 48), and Motion for Discovery Status Hearing (R. Doc. 52), which the Court will collectively refer to as the plaintiff's "discovery motions." These Motions are opposed. *See* R. Doc. 50.

In June of 2020, the plaintiff propounded various discovery requests and responses were provided by the defendants in August and September of 2021. *See* R. Docs. 14-16, 18-20, 42-47, and 49. To the extent the plaintiff complains of the inadequacy of the defendants' responses, the Court has reviewed the various requests and responses and notes that the defendants made a good faith effort to respond to these requests.

Plaintiff now seeks permission to exceed the discovery limitations set by the Court and to propound additional discovery requests to defendants Sterling and Gooden. The Court has reviewed the entire record, including all discovery requests propounded by plaintiff, all responses provided by the defendants, and all Notices of Compliance filed by defendants, and concludes that the *relevant* and discoverable information[1] sought by the plaintiff has been

---

[1] Specifically, information pertaining to the claim before this Court regarding the alleged use of excessive force on June 27, 2019 that is proportional to the needs of the case within the parameters of Rule 26(b) of the Federal Rules of Civil Procedure.

provided with only a few exceptions.[2] As such, the Court will only grant the plaintiff's discovery motions in part, as set forth below.

With regards to the plaintiff's request to appoint a medical expert, under Federal Rule of Evidence 706(a), the district court may appoint an expert witness to aid the court, not for a party's benefit. *See Hannah v. United States,* 523 F.3d 597, 600 (5th Cir. 2008). The Court, at this time, does not require the aid of a medical expert as suggested by the plaintiff. Such an expert would only aid the plaintiff's position. As such, the plaintiff is not entitled to the appointment of an expert. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Leave to Exceed Limit of Discoveries (R. Doc. 40) and Motion for Extension to Conduct Discoveries (R. Doc. 48) are **GRANTED IN PART**, and defendants shall, **on or before December 7, 2021**, respond to the following discovery requests:

1. Interrogatory No. 9, located at Record Document 40-2, p. 5, regarding reason for failure to consult medical prior to the use of force;

2. Interrogatory No. 10, located at Record Document 40-3, p. 5, regarding reason for failure to consult medical prior to the use of force;

3. Request for Production No. 4 located at Record Document 40-5, p. 5 (limited to any disciplinary action taken against Defendant Gooden for the use of excessive force six months prior to and following June 27, 2019); and,

4. Request for Production No. 5, located at Record Document 40-5, p. 5, regarding the reason defendant Gooden is no longer employed at Louisiana State Penitentiary.

---

[2] As noted by the defendants, the plaintiff's Motions (R. Docs. 40 and 48) lack supporting memorandums as required.

**IT IS FURTHER ORDERED** that the plaintiff shall have until **on or before December 21, 2021** to file his own Motion for Summary Judgment and/or an opposition to the defendants' pending Motion for Summary Judgment.

**IT IS FURTHER ORDERED** that, in all other regards, the plaintiff's Motions (R. Docs. 40 and 48) are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Rule to Show Cause why an Experts Should not be Appointed (R. Doc. 41) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Discovery Status Hearing (R. Doc. 52) is **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on November 23, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**