UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAY BROOKS (DOC # 568449) | : | CIVIL ACTION |
| VERSUS | : | NO. 19-846-SDD-RLB |
| | : | JUDGE SHELLEY D. DICK |
| DARREL VANNOY, ET AL. | : | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNSWORN DECLARATION OF CHARLES GOODEN, JR.
PURSUANT TO 28 U.S.C. § 1746

1.

I, Charles Gooden, Jr., was formerly employed by the Louisiana Department of Public Safety and Corrections in the position of Lieutenant at Louisiana State Penitentiary, Angola, Louisiana.

2.

At all times relevant to this suit, I held the rank of Lieutenant at Louisiana State Penitentiary.

3.

On June 27, 2019, I was assigned to the position of Lieutenant of the Main Prison West Yard where Cellblock A ("CBA") is located.

4.

On June 27, 2019 at approximately 2:00 p.m., I proceeded to CBA after being notified by Control Center via radio of a beeper activation on CBA Lower.

5.

Upon my arrival on CBA, I was informed by Cadet James Cook that Captain Thomas Sterling entered CBA Lower Left Tier due to a possible intoxication of an offender in Cell #9.

6.

After reaching CBA Lower Left Cell #9, I observed Offender Ray Brooks (DOC #568449) and Captain Thomas Sterling both on the ground in the cell, and Offender Brooks was actively resisting Captain Sterling.

7.

To prevent further assault on Captain Sterling, I administered the minimum amount of chemical agent into the cell to bring Plaintiff into compliance.

8.

The beginning weight of the chemical agent was 138 grams and the ending weight was 132 grams.

9.

Captain Sterling was then able to apply handcuffs to Offender Brooks, behind his back, while on the cell floor. Offender Brooks was then brought to his feet.

10.

Once restrained and brought to his feet, Offender Brooks continued to resist Captain Sterling, requiring additional assistance from me to remove Offender Brooks from his cell.

11.

Once removed from his cell, Captain Sterling and I began escorting Offender Brooks out of CBA to Cell Block "B" Administrative Segregation. However, Offender Brooks continued to be combative and resist us during the walk.

12.

Captain Sterling was forced to bring Offender Brooks to the floor to regain control of the situation.

13.

In responding to this situation, it was important to get Offender Brooks restrained and under control so that Offender Brooks would not harm himself, other offenders or security staff.

14.

After Captain Sterling gained control of Offender Brooks with my assistance, Offender Brooks was again brought to his feet and escorted directly to Cellblock B Administrative Segregation.

15.

Since chemical agent was used on Offender Brooks, Medical #4 was notified of the need for an ambulance at Cellblock B.

16.

Offender Brooks was transported to the Treatment Center for treatment and evaluation.

17.

I reported to the Robert E. Barrow Treatment Center for a medical evaluation after this incident.

18.

I was later cleared by medical personnel to return to my post and complete my tour of duty.

19.

I authored a Warden's Unusual Occurrence Report and Disciplinary Report as a result of this incident.

20.

I have no information regarding Offender Brooks' medical history, symptoms, and/or diagnoses.

13.

In responding to this situation, it was important to get Offender Brooks restrained and under control so that Offender Brooks would not harm himself, other offenders or security staff.

14.

After Captain Sterling gained control of Offender Brooks with my assistance, Offender Brooks was again brought to his feet and escorted directly to Cellblock B Administrative Segregation.

15.

Since chemical agent was used on Offender Brooks, Medical #4 was notified of the need for an ambulance at Cellblock B.

16.

Offender Brooks was transported to the Treatment Center for treatment and evaluation.

17.

I reported to the Robert E. Barrow Treatment Center for a medical evaluation after this incident.

18.

I was later cleared by medical personnel to return to my post and complete my tour of duty.

19.

I authored a Warden's Unusual Occurrence Report and Disciplinary Report as a result of this incident.

20.

I have no information regarding Offender Brooks' medical history, symptoms, and/or diagnoses.

21.

I am not aware of any treatment Offender Brooks has sought or received during his incarceration, whether Offender Brooks has ever received a diagnosis as a result of any such treatment, whether Offender Brooks has ever prescribed medication at any time, or whether Offender Brooks has ever received, accepted, or ingested any medications on the day of the subject incident, or at any time. I did not hit, kick, punch, strike, stomp, or beat Offender Brooks in any way, form, or fashion.

22.

I did not witness Captain Sterling hit, kick, punch, strike, stomp, or beat Offender Brooks in any way, form, or fashion.

23.

At no time did I use excessive or unnecessary force on Offender Brooks.

24.

I did not see Captain Sterling use excessive or unnecessary force on Offender Brooks.

25.

I followed the Use of Force policy in place at Louisiana State Penitentiary and the training that I received in handling the incident.

26.

Any claim that I used excessive force or witnessed excessive force be used on Offender Brooks in any way, form, or fashion is false.

27.

Any claim that I administered chemical agent on Offender Brooks as a means of causing pain or punishment is false.

I hereby declare, certify, and verify, under penalty of perjury, that the foregoing is true and correct to the best of my personal knowledge and belief.

Executed on: __Oct. 19, 2021__
                Date

Signature: *Charles Gooden* 
Charles Gooden, Jr.