Form B-03-005-B
16 December 2009

# CUSTODIAN OF RECORDS AFFIDAVIT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

### AFFIDAVIT

BEFORE ME, the undersigned Notary Public, personally came and appeared Jaine Babel, who after first being duly sworn did depose and say that as the Custodian of Records for the Louisiana Department of Public Safety and Corrections, Corrections Services, at Louisiana State Penitentiary, does hereby certify that the attached documents are true copies of the records of the Louisiana Department of Pubic Safety and Corrections regarding Ray Brooks DOC 568449.

_____
Custodian of Records

Sworn to and subscribed before me this __4th__ day of __August__, 20 __20__.

_____
NOTARY
Ex-Officio Notary
#155703

**EXHIBIT 7**

## LOUISIANA STATE PENITENTIARY
## ANGOLA, LOUISIANA

### APPEAL DECISION
### DISCIPLINARY BOARD APPEAL NUMBER:

LSP-2019-0300

| | |
|---|---|
| OFFENDER: | RAY BROOKS                568449 |
| HOUSING: | MP – CELLBLOCK A LOWER/LEFT |
| COURT DATE: | 07/10/2019 |
| DATE OF REPORT: | 06/27/2019 |
| RULE VIOLATED: | RULE #3- DEFIANCE; RULE #5- AGGRAVATED DISOBEDIENCE; RULE #14- INTOXICATION |
| PLEA: | NOT GUILTY |
| FOUND GUILTY OF: | RULE #3 – DEFIANCE; RULE #5- AGGRAVATED DISOBEDIENCE; RULE #14- INTOXICATION |
| SENTENCE: | QUARTERS CHANGE TO EXTENDED LOCKDOWN; 12 WEEKS LOSS OF CANTEEN; 12 WEEKS LOSS OF TELEPHONE |
| IMPOSED / SUSPENDED: | IMPOSED |
| RESTITUTION: | $0.66- CHEMICAL AGENT |
| DECISION DATE: | 07/23/2019 |
| APPEAL DECISION: | DENIED |

Appellant argues on appeal that the Board erred find appellant guilt without sufficient evidence, the Board violated appellants due process, and the Board erred not dismissing one of the Disciplinary Reports after it was not signed by reporting officer.

The arguments raised by Appellant are without merit. The Disciplinary Board has the discretion to grant or deny any motions presented during the course of the hearing. After a review of the record it reveals that the Appellant was evaluated by medical personnel and the proper paper work was signed by medical staff. There is nothing to indicate that the Board abused its' discretionary authority in this case. Appellant was afforded due process in both the hearing and the sentencing phases of the proceeding. The Disciplinary Board found the report to be clear and precise and the reporting employee's account of the incident appropriately supports the violation and provides sufficient evidence to warrant the guilty verdict. The sanctions imposed appropriately fall within the sentencing guidelines specified in the Disciplinary Rules and Procedures for Adult Offenders for Schedule B Violations. The sentence imposed is not excessive or unduly harsh. The Disciplinary Board decision is deemed appropriate as to the finding of guilt and the sentence imposed. The Disciplinary Reports were combined for sentencing purposes. The Disciplinary Report did indicate the officer that the Disciplinary report was written by.

The issues raised by Appellant in this matter have been reviewed. Appellant was provided a due process hearing by the Disciplinary Board. The decision of the Disciplinary Board is deemed appropriate. Appellant has presented nothing which would justify reversal or modification of the decision rendered through the disciplinary proceedings.

The appeal is denied.

Joseph E. Lamartiniere
Darrel Vannoy Deputy Warden
Warden

**RECEIVED**

AUG 0 5 2019

LSP/RECO~

DV: bd

---

**INSTRUCTIONS TO OFFENDER:** You may appeal this decision to the Secretary of Corrections in accordance with the procedures outlined in Disciplinary Rules and Procedures for Adult Offenders. The Secretary will only consider appeals from the Warden, which resulted in the imposed or suspended sentences of one or more of the following penalties: 1) Forfeiture of Good Time; 2) Custody change from Minimum to Medium only if it involves transfer to another institution; 3) Custody Change to Maximum; 4) Failure to Earn Incentive Wages; or 5) Restitution.

If you are dissatisfied with this decision, indicate your desire to appeal below, date and sign the document and return the WHITE copy to the DISCIPLINARY APPEALS OFFICE within five (5) days of receipt of this decision.

☐ I am not satisfied with the decision of the Warden and wish to appeal to the Secretary.

DATE: _____     OFFENDER'S SIGNATURE: _____





# Louisiana State Penitentiary

*Legal Programs Department*

---

## *MEMORANDUM*

**DATE:** 7/18/2019

**TO:** Unit Wardens, Classification, Inmate Records, Front Gate Visiting, "A" Building Visiting,
RAY BROOKS - 568449 - CBA L/L

**FROM:** Nyesha Kelly, Legal Programs Director

**SUBJECT:** Visiting Suspension
RAY BROOKS - 568449 - CBA L/L
Physical Location: CBB U/L 0

The above named offender appeared before the Disciplinary Board on 7/10/2019 regarding a rule violation on 6/27/2019 which involved cellphones, cellphone accessories, illegal drugs, intoxication or assault on staff.

Pursuant to Unit Specific Posted Policies #007 and #030, an administrative suspension of visiting privileges is being imposed. All visits with the exception of the offender's attorney or members of the attorney's staff and his religious advisor are prohibited during the period of this suspension. This suspension is effective from:

### 6/27/2019 to 10/8/2019

Please mark your records accordingly. If you have any questions, please contact the Legal Programs Department.

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## DISCIPLINARY REPORT
### INSTITUTION: L.S.P. ANGOLA

| 1. Name of Offender | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| Ray Brooks | 568449 | 06/27/2019 | Approx. 2:00 pm |

| 5. Place of Incident | 6. Job Assignment (Offender) | Housing Assignment |
|---|---|---|
| CBA Lower Left #9 | Line 10 | CBA Lower Left #9 |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| Defiance, Agg. Disobedience, Intoxication | #3, 5, 14 |

**10. Description of Incident** (Include all relevant information – "unusual Offender behavior, staff witnesses, physical evidence & disposition, immediate action including use of force, use other side if necessary).

On the above date and approximate time, I, Captain Thomas Sterling, was notified by Control Center, via radio, of a beeper activation on CBA Lower. I immediately activated my body camera and proceeded to CBA Lower. Upon my arrival, Cadet James Cook informed me that offender Ray Brooks, #568449, was standing near the front of his cell, CBA L/L #9, and was possibly intoxicated. I entered CBA Lower Left and proceeded to offender Brooks' cell, which was open. I observed offender Brooks standing near the front of his cell covered in vomit, his eyes were red and glassy, and he appeared to be intoxicated. I issued a direct verbal to offender Brooks to put his hands behind his back and submit to being restrained. Offender Brooks flatly refused my orders. I then entered the cell and attempted to restrain offender Brooks. Offender Brooks suddenly became aggressive and pulled away from me. At that time, I was forced to take offender Brooks to the ground by sweeping his legs out from beneath him. Once on the ground, offender Brooks continued to resist and fight against me. Lieutenant Charles Gooden arrived at the cell and administered OC Chemical Agent directly at offender Brooks. I was then able to place offender Brooks in handcuffs behind his back. After being restrained, offender Brooks continued to resist and Lieutenant Gooden assisted me with removing offender Brooks from the cell. Once out the cell, offender Brooks was raised to his feet and was escorted to CBB. While being escorted to CBB offender Brooks became combative and begun to thrash about, forcing me to bring him to the ground to regain control of the situation. Once I was able to regain control over offender Brooks, I again assisted him to his feet and escorted him to CBB and placed him in Administrative Segregation without further incident. Medical #4 was notified of the need for an ambulance at CBB. Offender Brooks was transported to the REBTC for further evaluation/ treatment. Later, I was relieved of my post and reported to the REBTC for evaluation/ treatment and was cleared to return to my post. Lt. Charles Gooden reported to the REBTC, evaluated/ treated by Medical Personnel, and cleared to return to his post. Afterward the incident was over, I attempted to review the body camera footage and found that the body camera failed to record any of the incident. Assistant Warden Thompson was notified of this incident. This is for your information and further handling.

| 11. Offender Placed in Admin. Seg. | [X] YES | [ ] NO |
|---|---|---|

| 12. Signature of reporting employee | 13. Name, Title, Assignment (Print) |
|---|---|
| /s/ TSt | Thomas Sterling, Captain, MPCB A Team |

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to the above Offender by: | 17. Offender's Signature |
|---|---|---|---|
| 06/27/2019 | 2:45 pm | TS | Refused to sign |

| 18. Plea by Offender: | [ ] Not Guilty | [ ] Guilty | 19. Verdict: | [ ] Not Guilty | [ ] Guilty |
|---|---|---|---|---|---|

| 20. Date of Hearing: 7-1-19  7/10/19 | 21. Counsel Substitute: DOC# 289565 BJW |
|---|---|

**22. Motions:** Defer to Medical for Signature

RECEIVED
JUL 15 2019
LSP RECORDS

**23. Reasons for Disposition:**
[ ] Report is clear and precise.   [ ] Lack of a credible defense/little or no defense.   [ ] Based on his statement.
[ ] The officer's version is determined to be more credible than the Offender's.   [ ] Pled guilty/accepted supp.
[ ] Only defense is denying contents of report.   [ ] The Offender presented no evidence to refute the charges.
[ ] The investigative officer's testimony was deemed more truthful and accurate than the Offender's.   [ ] Plea bargain
[ ] The Offender's demeanor led the board to believe that the Offender's testimony was untrue.
[ ] Other

**24. Reasons for Sentence:**
[ ] Seriousness of offense.   [ ] The need to protect the institution, employee, or other.
[ ] Poor Conduct record. A total of _____ rule violation(s). A total of _____ Schedule B violations since _____
A total of _____ # rule violations since _____
[ ] Other

**25. Sentence:**
#3 Qtz change to EX/LO
#5 12 wks Loss of Phones
#14 12 wks Loss of Canteen

Suspended [ ] _____ Days    All
Imposed [ ] _____          Today

Suspended [ ] _____ Days
Imposed [ ] _____

**27. DISCIPLINARY BOARD:** After an offender is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board may order restitution in accordance with Department Regulation No. B-05-003 "Imposition of Restitution."

_____   _____
CHAIRMAN (DISCIPLINARY OFFICER)   MEMBER

# LOUISIANA STATE PENITENTIARY

## ASSIGNMENT OF MEDICAL INVESTIGATION

| TO: | MEDICAL DIRECTOR | |
|---|---|---|
| FROM: | DISCIPLINARY BOARD OFFICE | |
| DATE: | 6.28.19 | |
| RE: | Offender's Name: Ray Brooks | DOC # 568449 |
| | Rule Violation(s): 14 | Location: CBB 4/20 |
| | ☒ 1ST NOTICE   ☐ 2ND NOTICE | |

**To Whom It May Concern:**

In accordance with Penitentiary Directive 09.037; you have been assigned to investigate/review the medical record of the above referenced offender. Your investigation must be submitted to the Disciplinary Board Office **within 3 days of receipt.**

The above-named offender has received a disciplinary report on

__6.27.19__ @ __2:00__ (p m) due to:

**Please review the medical record and answer the following question:**

— A positive urinalysis test

| YES | NO |
|---|---|
| | |

Is there any medical reason that may result in a false positive reading in the drug testing devices?

✓ Above offender has exhibited signs of intoxication by expressing; slurred speech, redness of eyes, odor of alcohol, elation, boisterous behavior, hysteria, being in a daze or trance, or an unsteady gate.

| YES | NO |
|---|---|
| | ✓ |

Is there a medical reason or medications prescribed to this offender that may result in the offender's physical or mental state to exhibit signs of being intoxicated as would the influence of an intoxicating substance?

_[signature]_
Signature of Approved Medical Personnel

**DISCIPLINARY BOARD OFFICE**
**JULIE KILGORE, CAPTAIN**
**PHONE: 225•655•2570 • FAX: 225•655•2798**

FORM B-05-001-A
20 August 2013

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**DISCIPLINARY REPORT**
**INSTITUTION: L.S.P. ANGOLA**

| 1. Name of Offender | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| Ray Brooks | 568449 | 06/27/2019 | Approx. 2:00 pm |

| 5. Place of Incident | 6. Job Assignment (Offender) | Housing Assignment |
|---|---|---|
| CBA Lower Left #9 | Line 10 | CBA Lower Left #9 |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| Defiance, Agg. Disobedience, Intoxication | #3, 5, 14 |

**10. Description of Incident** (Include all relevant information – "unusual Offender behavior, staff witnesses, physical evidence & disposition, immediate action including use of force"; use other side if necessary).

On the above date and approximate time, I Lieutenant Charles Gooden, was notified by Control Center, via radio, of a beeper activation on CBA Lower. I immediately proceeded to CBA. Upon my arrival, Cadet Cook informed me that Captain Thomas Sterling had entered CBA Lower Left Tier due to a possible intoxication in CBA L/L #9. After reaching CBA L/L #9, I observed offender Ray Brooks, #568449, and Capt. Sterling on the ground in the cell, engaged in a physical confrontation. To prevent further assault on staff, and help Capt. Sterling obtain control of the situation, I retrieved a can of chemical agent from my tactical belt and administered the minimum amount on offender Brooks. Capt. Sterling was then able to apply handcuffs to offender Brooks, behind his back, while on the floor of the cell. Offender Brooks continued to fight and resist Capt. Sterling while on the floor of the cell. At that time, I entered the cell and assisted Capt. Sterling with physically removing offender Brooks from the cell. Once out the cell, offender Brooks was able to be brought under control and was assisted to his feet. I assisted Captain Sterling in escorting offender Brooks out of CBA. Once on the Cellblock Walk offender Brooks again began to resist and struggle against Captain Sterling. Captain Sterling was forced to bring offender Brooks to the floor. After he gained control of offender Brooks, offender Brooks was brought to his feet and escorted directly to CBB Administrative Segregation. Later, I was relieved and reported to the Treatment Center for Medical evaluation. Medical Personnel cleared me to return to my post and complete my tour of duty. This is for your information and further handling.

Chemical Agent Can #9
Beginning Weight: 138 grams
Ending Weight: 132 grams

RECEIVED JUL 15 2019 LSP/RECORDS

| 11. Offender Placed in Admin. Seg. | X YES | NO |
|---|---|---|

| 12. Signature of reporting employee | 13. Name, Title, Assignment (Print) Charles Gooden, Lieutenant, MPCB A Team |
|---|---|

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to the above Offender by: | 17. Offender's Signature |
|---|---|---|---|
| 06/27/2019 | 5:30 pm | | |

| 18. Plea by Offender: | Not Guilty ✓ | Guilty | 19. Verdict: | Not Guilty | Guilty ✓ |
|---|---|---|---|---|---|

| 20. Date of Hearing: 7-1-19  7/10/19 | 21. Counsel Substitute: DOC# 284565 |
|---|---|

22. Motions: Defer to Medical for Signature

**23. Reasons for Disposition:**
[ ] Report is clear and precise.   [✓] Lack of a credible defense/little or no defense.   [ ] Based on his statement.
[ ] The officer's version is determined to be more credible than the Offender's.   [ ] Pled guilty/accepted guilty plea.
[ ] Only defense is denying contents of report..   [✓] The Offender presented no evidence to refute the charges.
[ ] The Investigative officer's testimony was deemed more truthful and accurate than the Offender's.   [ ] Plea bargain
[ ] The Offender's demeanor led the board to believe that the Offender's testimony was untrue.
[ ] Other

**24. Reasons for Sentence:**
[✓] Seriousness of offense.   [ ] The need to protect the institution, employee, or other.
[ ] Poor Conduct record. A total of _____ rule violation(s). A total of _____ Schedule B violations since _____
A total of _____ # _____ rule violations since _____
[ ] Other

25. Sentence: #3 cust chng to Ex/LD   #5 10 wks Loss of days   Suspended [ ] Imposed [ ] _____ Days

26. Sentence: #14 2 wks Loss of Canteen   Suspended [ ] Imposed [ ] _____ Days

**27. DISCIPLINARY BOARD:** After an offender is found guilty of a disciplinary violation through a formal administrative hearing, the Disciplinary Board May order restitution in accordance with Department Regulation No. B-05-003 "Imposition of Restitution."

R 9-25-09

Department Regulation NO. B-05-001
Department Regulation NO. B-05-003

# Louisiana State Penitentiary
## IMPOSITION OF RESTITUTION

| TO: | OFFENDER BANKING |
|---|---|
| FROM: | DISCIPLINARY OFFICE |
| DATE: | 7.11.19 |
| RE: | OFFENDER'S NAME: Ray Brooks   DOC# 568449   LOCATION TC W1 Ø |

The above offender was found guilty of a disciplinary violation through a formal administrative hearing on __7.10.19__ and, in accordance with Department Regulation NO. B-05-003, the Disciplinary Board assessed restitution in the amount of $ __0.66__ for __use of chemical agent__.

Please take the necessary steps to withdraw the stipulated amount from the offenders account.

*KSmith, Sgt.*
DISCIPLINARY OFFICE

cc:  Offender Records
     Offender – According to LSP Directive 02.014 you have 5 days upon receipt of this notice to appeal the amount.

REVISED 9-17-09

# LOUISIANA STATE PENITENTIARY
## REQUEST FOR RESTITUTION

| OFFENDER'S NAME | DOC# | DATE OF HEARING: |
|---|---|---|
| Ray Brooks | 568449 | 7.10.19 |

| REPORT DATE(S): | RULE NUMBER(S) |
|---|---|
| 6.27.19 | #3, 5, 14 |

**DISCIPLINARY BOARD CHAIRMAN:**
Major Shane Worsham

**INDIVIDUAL TO WHOM CASE IS TO BE REFERRED FOR DETERMINATION OF COST:**

- ☐ ASSISTANT WARDEN/MEDICAL SERVICES
- ☑ BUSINESS OFFICE
- ☐ _____

| ITEMS FOR WHICH RESTITUTION IS IMPOSED | COST |
|---|---|
| Chemical agent<br>Starting weight: 138g<br>Ending weight: 132g<br>Total used: 6g<br>Cost per gram: $0.11 | $0.66 |
| | |
| **TOTAL COST TO BE CHARGED FOR RESTITUTION** | $0.66 |

BY: K. Smith, Sgt.   DATE: 7.11.19

Original -- Offender Accounts
Copy -- Offender Records