UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAY BROOKS (#568449)                                    CIVIL ACTION

VERSUS

DARREL VANNOY, ET AL.                                   19-846-SDD-RLB

## ORDER

Where a district court has determined that exceptional circumstances warrant appointment of counsel and has unsuccessfully attempted to secure a non-compulsory appointment, the court may invoke its inherent power to order an attorney to represent an indigent civil rights litigant pro bono. *Naranjo v. Thompson*, 809 F.3d 793, 804 (5th Cir. 2015). In the instant matter the Court previously issued an Order requesting that one or more attorneys from the Court's Civil *Pro Bono* Counsel Panel signify their willingness to volunteer to represent the plaintiff in this case. *See* R. Doc. 73. No attorney from the Panel volunteered. As such, the Court has unsuccessfully attempted to secure a non-compulsory appointment.

At that time of its previous Order, the Court made no specific finding as to whether "exceptional circumstances" required the appointment of counsel. In determining whether exceptional circumstances warrant the appointment of counsel, a district court should consider (1) the type and complexity of the case; (2) the indigent's ability to adequately present the case; (3) the indigent's ability to investigate the case adequately; and (4) the existence of contradictory evidence and the necessity for skill in the presentation of evidence and in cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

In the instant matter, the Court is particularly concerned with the plaintiff's ability to physically present his case. The plaintiff asserts, among other things, that he suffers from epilepsy and seizures at unexpected times although he is currently medicated. The frequency and

severity of his seizures is increased by elevated levels of stress. As such, the plaintiff has demonstrated, unique from other *pro se* litigants, that he will have particular difficulty in presenting his case such that his situation justifies the special benefit of having counsel appointed to represent him. *See Margin v. Social Security Administration*, 2009 WL 3673025, *2 (5th Cir. Oct. 28, 2009). Accordingly, in light of the Court's inability to secure noncompulsory counsel and the finding that exceptional circumstances warrant the appointment of pro bono counsel,

**IT IS ORDERED** that attorney **JOHN GREGORY MURPHY** is hereby appointed to represent the plaintiff, *pro bono*, solely in the above captioned matter.

**IT IS FURTHER ORDERED** that, alternatively and in consideration of the allocation of resources, another attorney within the multi-attorney law firm where attorney Murphy practices may enroll in his place.

**IT IS FURTHER ORDERED** that counsel shall enroll in this matter within 14 days from the date of this Order. The Clerk of Court shall send a copy of this order to Attorney Murphy via CM/ECF.

**IT IS FURTHER ORDERED** that a telephone conference is set for **October 5, 2022 at 1:30 p.m.** Counsel for plaintiff, Mr. Murphy, shall initiate the call to all parties then contact the Court at (225) 389-3602.

Signed in Baton Rouge, Louisiana, on September 15, 2022.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE