UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RAY BROOKS

versus

DARREL VANNOY, ET AL.

CIVIL ACTION

19-846-SDD-RLB

**RULING**

This matter comes before the Court on the *Motion for Attorneys' Fees* filed by Plaintiff, Ray Brooks ("Brooks" or "Plaintiff").[1] Defendants, Lt. Charles Gooden, Jr. ("Lt. Gooden") and Captain Thomas Sterling ("Captain Sterling") (collectively, "Defendants") filed an opposition.[2] For the reasons that follow, the Court finds that Brooks' Motion shall be granted in part and denied in part.

I. BACKGROUND

On April 26th, 2023, after a two-day trial, the jury awarded Plaintiff $10,000 in compensatory damages, finding that Defendants used excessive force against Plaintiff in violation of the Eighth Amendment.[3] Now, Plaintiff's attorney moves for attorneys' fees, as well as compensation for Plaintiff's expert witness, having prevailed on Plaintiff's Section 1983 claims.[4]

---

[1] Rec. Doc. No. 111.
[2] Rec. Doc. No. 112.
[3] Rec. Doc. Nos. 109, 113.
[4] Rec. Doc. No. 111.

## II. LAW

Brooks seeks attorneys' fees in the amount of $33,650.[5] Brooks also requests an award of $598 to compensate Dr. Brian Rowan ("Dr. Rowan") for testifying at trial.[6] This figure reflects 107.5 hours of work by Brooks' attorney and 14 hours of work by the attorney's paralegal. [7]Justin Glenn ("Glenn") represented Brooks in this case. Glenn has 6 years of legal experience, 5 years of experience representing a company in similar civil rights cases under Section 1983, and bills $300 per hour.[8] Tiffany Wheatly ("Wheatly"), Glenn's paralegal, has over 16 years of experience as a civil litigation paralegal and bills $100 per hour.[9]

Brooks provided the detailed billing records for Glenn and Wheatly for this matter, as well as the Resolution of the En Banc Court of the Middle District of Louisiana (the "Resolution") which established the Civil Pro Bono Counsel Panel and sets forth the guidelines for representing civil litigants who do not have the financial resources to hire a lawyer.[10]

Section 6 of the Resolution states, "Attorneys Fees and taxable costs may be recovered by counsel appointed from the Panel if allowed under the law applicable to the case to the same extent and in the same manner as applicable to retained counsel in the same kind of case."[11]

42 U.S.C Section 1988(b) states that a court in its discretion may allow the prevailing party to recover reasonable attorneys' fees and compensation for experts in

---

[5] Rec. Doc. No. 111-1, p.3.
[6] *Id.*
[7] *Id.* at p. 2-3.
[8] *Id.*
[9] *Id.*
[10] Rec. Doc. Nos. 111-2, 111-3.
[11] Rec. Doc. No. 111-2, p.3.

Section 1983 actions.[12] This Court has previously allowed the recovery of attorneys' fees in Section 1983 actions.[13] Additionally, the Fifth Circuit held that reasonable attorneys' fees can include paralegal work so long as that work is legal in nature, as opposed to clerical.[14]

### A. The Lodestar Method

In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorneys' fees.[15] The "lodestar" analysis involves a two-step procedure.[16] Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Then, the court must multiply the reasonable hours by the reasonable hourly rates.[17] The product is the "lodestar," which the court either accepts or adjusts upward or downward, depending on the circumstances of the case, assessing the factors set forth in *Johnson v. Georgia Highway Express, Inc.*[18]

A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.[19] To determine a reasonable fee, a court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether

---

[12] 42 U.S.C.A. § 1988 (b).
[13] *See Hernandez v. Theriot*, No. CV 14-42-SDD-EWD, 2017 WL 8942567 (M.D. La. Jan. 19, 2017).
[14] *See Vela v. City of Houston*, 276 F.3d 659 (5th Cir. 2001) (explaining that paralegal work can be recoverable so long as the work is legal in nature as opposed to clerical); *See also Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982) ("[paralegal expenses] are [sic] recoverable only as part of a prevailing party's award for attorneys' fees and expenses, and even then only to the extent that the paralegal performs work traditionally done by an attorney").
[15] *In re Fender,* 12 F.3d 480, 487 (5th Cir.1994), *cert. denied*, 511 U.S. 1143 (1994).
[16] *Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 323-324 (5th Cir.1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).
[17] *Id.* at 324.
[18] 488 F.2d 714, 717–19 (5th Cir.1974).
[19] *Hopwood v. State of Texas*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436–37.

the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.[20] The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."[21]

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.[22] The party seeking the fee bears the burden of proof on this issue.[23]

### B. Attorney's Fee Limitations Pursuant to the Prison Litigation Reform Act

In addition to applying the "lodestar" method, this Court must also consider 42 U.S.C. Section 1997e, also known as the Prison Litigation Reform Act (the "PLRA"), which applies to recovering attorneys' fees in suits brought by prisoners. Section D of this Section states the following:

1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—

    (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and

---

[20] *Hensley*, 461 U.S. at 437–39; *Associated Builders & Contractors v. Orleans Parish School Board,* 919 F.2d 374, 379 (5th Cir. 1990).
[21] *Brantley v. Surles*, 804 F.2d 321, 325–26 (5th Cir.1986).
[22] *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Associated Builders & Contractors,* 919 F.2d at 379; *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir.1998); *Kellstrom*, 50 F.3d at 324.
[23] *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom,* 50 F.3d at 324.

> (B) (i) the amount of the fee is proportionately related to the court ordered relief for the violation; or (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
>
> 2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.[24]

The Supreme Court analyzed this Section in *Murphy v. Smith*.[25] The Court found that, while attorneys' fees are recoverable in Section 1983 actions, before seeking recovery from a defendant, 25 percent of the prisoner's damage award will contribute to the attorneys' fee award.[26] Then, a defendant will pay the remaining balance if such exists.[27]

The Fifth Circuit has not had the opportunity to apply *Murphy*. However, several other circuits have. For example, in *Thompson v. Smith*, the Eleventh Circuit Court of Appeals held that, pursuant to the Supreme Court's holding in *Murphy*, the prevailing party is obliged to compensate his lawyer with 25 percent of his monetary award and the defendant is liable for no more than 150 percent of the judgment amount to satisfy the attorneys' fees award. [28]The Eleventh Circuit found that the Supreme Court acknowledged that Section 1997e(D) limits a district court's discretion to award fees under Section 1988(b).[29] All other Circuit Courts, except the Fourth, Fifth, and Sixth Circuits, have reached similar conclusions.[30]

---

[24] 42 U.S.C.A. § 1997e (D).
[25] 138 S. Ct. 784, 790 (2018).
[26] *Id*.
[27] *Id*.
[28] 805 F. App'x 893, 907 (11th Cir. 2020).
[29] *Id*. at 909.
[30] *See Id*. at 908 (holding that the Eleventh Circuit "will join all of our sister circuits that have addressed this issue in holding that under §1997e(d)(2), a defendant's liability for attorney's fees is capped at 150% of the judgment (less the amount contributed by the prisoner from his judgment)." (citing a collection of circuit cases)).

Lacking Fifth Circuit precedent, this Court is persuaded by the interpretations of *Murphy* by other Circuits. Therefore, this Court will first apply the "lodestar" method to this Motion and then analyze where limitations may be necessary.

## III.   ANALYSIS

### A.  Reasonable Hours Expended

The Court begins by determining whether the number of hours claimed by Brooks' attorney are reasonable.[31] Local Rule 54 provides specific guidance regarding how this burden is met, stating: "the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof."[32] "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[33]

Here, the Court finds that 101.5 of the hours billed by Glenn and the 14 hours billed by Wheatly are reasonable and well documented in the time sheets. The Court agrees with Defendants that two of Glenn's entries appear redundant and duplicative. On February 13, 2023, Glenn billed 7 hours for "review[ing] all documents produced in discovery, including medical records, use of force policy, and discovery to determine which will be used at tria[l] and what witnesses can be call[ed] in advance of submitting pre-trial order."[34] However, the next day, Glenn billed 6 hours for "review[ing] 1000+ pages of documents produced by defendant on the deadline of the pre-trial order."[35] The

---

[31] *Migis*, 135 F.3d at 1047.
[32] M.D. La. LR54(b).
[33] *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996) (quotation marks omitted); *see also Kellstrom*, 50 F.3d at 324 ("[A] district court may reduce the number of hours awarded if the documentation is vague or incomplete.").
[34] Rec. Doc. No. 111-3.
[35] *Id*.

Court agrees with Defendants that Plaintiff does not provide an explanation for the back-to-back days of block billing. Further, the entries suggest that Glenn was reviewing similar, if not the same set of documents on these two days. Thus, the hours will be reduced by 6 hours, the number of hours billed on February 14, 2023.

However, the Court rejects Defendants' assertions that the hours billed for witness preparation and traveling for this case were excessive. As Defendants note in their opposition, preparation of witness examination is necessary.[36] And while lawyers frequently prepare witnesses for examination, the length of each preparation may vary depending on the complexity of the questions a witness is preparing to be asked and a witness's prior experience in trial. The Court finds the time spent on witness preparation was reasonable.

Additionally, the Court is not persuaded by Defendants' argument that Glenn's billing for travel was improperly billed and should be reduced. This Court has recently addressed this issue in *Menard v. Targa Resources, LLC*.[37] The Court found that the counsel's travel time was "necessary, *and* necessarily came at the expense of regular billing time that counsel could have devoted to other clients."[38] Therefore, there was no reason to reduce the counsel's billing rate merely because the counsel was not completing typical legal work.[39] Accordingly, the Court finds Glenn's hours for travel to meet with Plaintiff and commuting to the courthouse are reasonable and compensable.

---

[36] Rec. Doc. No. 112, p. 7.
[37] No. CV 19-00050-BAJ-SDJ, 2023 WL 5628593 (M.D. La. Aug. 31, 2023).
[38] *Id.* at *6.
[39] *See Id*.

**B. Reasonable Hourly Rates**

This Court has held that reasonableness of hourly rates must be supported by the record.[40] However, Plaintiff did not provide any evidence for the Court to consider that addresses the relevant legal market for Glenn or for Wheatly. Glenn has 6 years of legal experience, with 5 years of experience representing a company in similar civil rights cases under Section 1983. Glenn bills $300 per hour.[41] Wheatly has more than 16 years of experience as a civil litigation paralegal and bills $100 per hour.[42] Defendants cite case law from the Eastern District of Louisiana to deduce that $225 per hour is a reasonable hourly rate for Glenn.[43] Considering the case law, the Court agrees with Defendants that a rate of $225/hour is reasonable and falls within the range of other rates awarded by this Court for attorneys with similar experience in the legal community.[44] Therefore, Glenn's hourly rate will be reduced to $225. The Court also finds the hourly rate of $100 for Wheatly is reasonable.

---

[40] *See Bland v. Alco Collections, Inc.,* No. CV 16-822-SDD-RLB, 2018 WL 278739 (M.D. La. Jan. 3, 2018) ("[t]he hourly fee awarded must be supported by the record; the district court may not simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate.")
[41] Rec. Doc. No. 111-1, p .2.
[42] *Id*. at p.3.
[43] Rec. Doc. No. 112, p. 3-4; *See Bode v. Kenner City,* No. CV 17-5483, 2018 WL 4701541 (E.D. La. Oct. 1, 2018) (finding an hourly rate of $275/hour for a partner with 8 years or experience and expertise in First Amendment law was reasonable and an hourly rate of $200/hour for an attorney with 4 years of experience and some experience in First Amendment law was reasonable); *See also Faulk v. Duplantis*, No. CIV.A. 12-1714, 2015 WL 3539637 (E.D. La. June 4, 2015) (finding $225/hour for attorneys with 29 and 17 years of experience to be reasonable given their expertise and trial experience).
[44] *See Mealy v. Gautreaux*, No. CV 16-716-JWD-RLB, 2020 WL 96897 (M.D. La. Jan. 8, 2020) (found that a partner with 6 years of experience deserved an hourly rate of $175/per hour and Court had previously provided this partner with this award in 2017); *See also In re Marine,* No. CV 20-214-JWD-SDJ, 2023 WL 1823766 (M.D. La. Feb. 8, 2023) (Court found that an attorney with six years of experience with an hourly rate of $200 was reasonable); *See also Taylor v. Union Pac. R.R. Co., Inc*., No. CV 18-1110-SDD-EWD, 2022 WL 3219961 (M.D. La. Aug. 9, 2022), appeal dismissed, No. 22-30635, 2022 WL 19401687 (5th Cir. Dec. 6, 2022) (finding an hourly rate of $225 was "in line with [prevailing rates in the Middle District"); *See also Oak Harbor Inv. Properties, LLC v. Sedona Corp.,* No. CV 20-844-SDD-RLB, 2022 WL 709186 (M.D. La. Mar. 9, 2022) (finding an hourly rate of $389 was reasonable for three attorneys with more than 30 years of experience).

### C. Prison Litigation Reform Act

The Court finds that Brooks' attorney is entitled to attorneys' fees based on 101.5 hours at the hourly rate of $225 and 14 hours of paralegal work at the hourly rate of $100. However, the Court agrees with Defendants that the award is limited to 150 percent of the judgment. Brooks was imprisoned at the time he filed this lawsuit and is currently still imprisoned. Thus, his claims do arise under the PLRA.[45] On April 26, 2023, the jury found in favor of Plaintiff and he received a judgment of $10,000 in compensatory damages.[46] Due to this cap, the fee award will be derived from 25 percent of Plaintiff's monetary award and the remaining amount will be paid by Defendants. Because Plaintiff's award is $10,000, $2,500 of the award will go towards the attorneys' fees and the fee award is limited to $15,000 in total. The Court finds that the maximum amount of fees allowed under the PRLA cap is appropriate. The PLRA is silent with respect to compensation for experts. As such, the Court finds Defendants are liable for compensating Dr. Rowan. Therefore, Defendants are ordered to pay Plaintiff $12,500 as a reasonable attorneys' fees award and $598 to compensate Dr. Rowan for his expert testimony.

---

[45] *See Morales v. McCulloh,* No. CV 18-808-SDD-RLB, 2019 WL 2774324 (M.D. La. July 2, 2019) (explaining that the attorney's fee cap pertains to an action brought by a prisoner who is confined to any jail, prison, or correctional facility; the plaintiff here was not a prisoner at the time of suit so the PLRA did not apply to her federal claims).
[46] Rec. Doc. Nos. 109, 113.

IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees is hereby **GRANTED in part and DENIED in part.** Plaintiff is hereby awarded $12,500 in attorneys' fees and $598 for expert costs. In accordance with Local Rule 54(a), the Court will refer the matter of taxable costs and expenses to the Clerk of Court's Office.

Signed in Baton Rouge, Louisiana on December 11, 2023.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**